IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:24-CR-103-KAC-JEM |
| ANTONIO FONTAINE, | ) | No. 3:21-CR-150-KAC-JEM |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case are referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared before the undersigned on September 26, 2024, for an Initial Appearance and Arraignment Hearing in *United States v. Fontaine*, No. 3:24-CR-103. Assistant United States Attorney Michael Gilmore appeared on behalf of the Government. Attorney Randall Reagan appeared, representing Defendant Antonio Fontaine, who was also present.

Defendant Fontaine moved to continue the trial date and corresponding revocation hearing in *United States v. Fontaine*, No. 3:21-CR-150, beyond seventy days. In support of his motion, Defendant Fontaine stated that there is extensive discovery in the case, including video and audio files. He noted that Defendant Fontaine faces pending state charges on the underlying events, complicating the case. Defense counsel represented that he has a final pretrial conference for another case pending in this court set for December 3, 2024, with trial on December 17. The Government did not object and the Court granted the motion.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review discovery and otherwise prepare for trial. The Court finds that all of this cannot occur by December 3, 2024.

The trial of this case is reset to **January 14, 2025**. A comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on September 26, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant's oral Motion to Continue is **GRANTED**;

(2) the trial date in *United States v. Fontaine*, No. 3:24-CR-103, and corresponding revocation hearing in *United States v. Fontaine*, No. 3:21-CR-150, are reset to commence on **January 14, 2025**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the Motion on **September 26, 2024**, and the new trial date of **January 14, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **October 24, 2024**, and responses to motions are due on or before **November 7, 2024;**

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 13, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 7, 2025, at 1:00 p.m.**;

(7) the deadline for filing motions *in limine* is **January 6, 2025**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 10, 2025.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3