UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-103-KAC-JEM |
| | ) | |
| ANTONIO FONTAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Antonio Fontaine's Unopposed Motion to Continue Trial Date and Extend Other Deadlines [Doc. 17], filed on November 14, 2024.

Defendant requests that the Court continue the trial date and all other deadlines [Doc. 17]. In support of his motion, Defendant states that the discovery contains 61.7 gigabytes of data, including forty-four hours of video and audio recordings [*Id.* ¶ 3]. He adds that the Government provided initial discovery on October 7, 2024 [*Id.*]. He notes that he is housed in Laurel County, Kentucky [*Id.* ¶ 4]. Defendant avers that he requires time to review discovery, investigate the matter, and secure expert assistance to investigate possible defenses [*Id.* ¶ 4]. He represents that the Government does not oppose a continuance [*Id.* ¶ 5]. Defense counsel confirmed with chambers via email that he has advised Defendant of his speedy trial rights.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in

18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to review discovery, investigate the matter, secure the assistance of experts, and otherwise prepare for trial. The Court finds that all of this cannot occur before the January 14, 2025 trial date.

The Court therefore **GRANTS** Defendant Antonio Fontaine's Unopposed Motion to Continue Trial Date and Extend Other Deadlines [**Doc. 17**]. The trial of this case is reset to **May 20, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on November 14, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Antonio Fontaine's Unopposed Motion to Continue Trial Date and Extend Other Deadlines [**Doc. 17**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 20, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 14, 2024**, and the new trial date of **May 20, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 21, 2025**;

(5) the deadline for filing pretrial motions is extended to **December 16, 2024**, and responses to motions are due on or before **December 30, 2024**;

(6) the deadline for filing motions *in limine* is **May 5, 2025**;

2

(7) the parties are to appear before the undersigned for a final pretrial conference on **May 6, 2025, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 9, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge