UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-103-KAC-JEM |
| | ) | No. 3:21-CR-150-KAC-JEM |
| ANTONIO FONTAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Antonio Fontaine's Motion to Continue Trial and All Related Deadlines [*United States v. Fontaine*, No. 3:24-CR-103, Doc. 37] and Motion to Continue the Hearing on the Petition to Revoke Supervised Release [*United States v. Fontaine*, No. 3:21-CR-150-KAC-JEM, Doc. 79], both filed on September 29, 2025. All pretrial motions in Case No. 3:24-CR-103 have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. District Judge Katherine A. Crytzer referred the motion filed in Case No. 3:21-CR-150 to the undersigned for consideration and determination or report and recommendation, as may be appropriate [No. 3:21-CR-150-KAC-JEM, Doc. 80].

Defendant asks the Court to continue the trial date and related deadlines in *United States v. Fontaine*, No. 3:24-CR-103, and his revocation hearing in *United States v. Fontaine*, No. 3:21-CR-150. In support of his motion to continue his trial date, Defendant asserts that his counsel has been in good contact with the Government and that negotiations have been productive [No. 3:24-CR-103, Doc. 37 ¶ 1]. Defendant's counsel has also been in good contact with Defendant's state attorneys and he asserts that those cases should be considered when making a "decision on the present matter" [*Id.* ¶ 3]. In support of his motion to continue his revocation hearing, Defendant submits that the basis for the revocation are the charges against him in *United*

*States v. Fontaine*, No. 3:24-CR-103 [No. 3:21-CR-150-KAC-JEM, Doc. 79 p. 1]. Defendant's motions reflect that counsel for the Government does not object to the requested relief [No. 3:24-CR-103, Doc. 37 ¶ 5; No. 3:21-CR-150-KAC-JEM, Doc 79 p. 1].

Based upon the information in Defendant's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to engage in plea negotiations with the Government, and if that is not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the October 28, 2025 trial date.

The Court therefore **GRANTS** Antonio Fontaine's Motion to Continue Trial and All Related Deadlines [***United States v. Fontaine*, No. 3:24-CR-103, Doc. 37**] and his Motion to Continue the Hearing on the Petition to Revoke Supervised Release [***United States v. Fontaine*, No. 3:21-CR-150, Doc. 79**]. The date for the trial and the revocation hearing is reset to **December 16, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motions on September 29, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Antonio Fontaine's Motion to Continue Trial and All Related Deadlines [*United States v. Fontaine*, **No. 3:24-CR-103, Doc. 37**] and Motion to Continue the Hearing on the Petition to Revoke Supervised Release [*United States v. Fontaine*, **No. 3:21-CR-150, Doc. 79**] are **GRANTED**;

(2) the trial date in *United States v. Fontaine*, No. 3:24-CR-103, and the revocation hearing in *United States v. Reed*, No. 3:21-CR-150, are reset to commence on **December 16, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **September 29, 2025**, and the new trial date of **December 16, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 14, 2025**;

(5) the deadline for filing motions *in limine* is **December 1, 2025**; responses are due on or before **December 9, 2025;**

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 25, 2025, at 11:00 a.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 5, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge