UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-103-KAC-JEM |
| | ) | No. 3:21-CR-150-KAC-JEM |
| | ) | |
| ANTONIO FONTAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Antonio Fontaine's Unopposed Motion to Continue Trial and All Other Deadlines [*United States v. Fontaine*, No. 3:24-CR-103, Doc. 39] and his Motion to Continue the Hearing on the Petition to Revoke Supervised Release [*United States v. Fontaine*, No. 3:21-CR-150, Doc. 82], both filed on November 14, 2025. All pretrial motions in *United States v. Fontaine*, No. 3:24-CR-103, have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. Judge Crytzer referred the Motion to Continue the Hearing on the Petition to Revoke Supervised Release in *United States v. Fontaine*, No. 3:21-CR-150, to the undersigned [*United States v. Fontaine*, No. 3:21-CR-150, Doc. 83].

Defendant asks the Court to continue the plea deadline and trial date in *United States v. Fontaine*, No. 3:24-CR-103, and the corresponding revocation hearing in *United States v. Fontaine*, No. 3:21-CR-150. In support of his motion, Defendant states that the that his counsel requires more time to review the discovery and have further discussions with Defendant [*United States v. Fontaine*, No. 3:24-CR-103, Doc. 39 ¶ 1]. Resolution of this case impacts Defendant's state trial [*Id.* ¶ 2]. Defendant submits that complications finalizing a plea agreement in this Court

arose due to Defendant's pending state charges, which required Defendant to request a courtesy second copy of all his discovery on a hard drive to review [*Id.*]. As a result, Defendant needs more time to review the discovery while he is held in Laurel County, Kentucky [*Id.*]. Defendant reports that he and his counsel have been in good communication with the Government in this case, as well as with the defense attorney in Defendant's state cases [*Id.* ¶ 3]. Defendant's counsel and the Government have been in negotiations and are close to a potential resolution but cannot resolve the case without some certainty about the state court cases [*Id.* ¶ 4]. Defendant contends that allowing more time for further discussions would potentially allow the Government to avoid preparing for trial and allow the Government and the Court to allocate their resources efficiently [*Id.*]. If a resolution cannot be reached in this matter, Defendant and the Government would require more time to prepare for trial [*Id.* ¶ 5]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 6]. With respect to the Motion to Continue the Hearing on the Petition to Revoke Supervised Release, Defendant submits that the charges in *United States v. Fontaine*, No. 3:24-CR-103, are the basis for the supervised release revocation proceeding [*United States v. Fontaine*, No. 3:21-CR-150, Doc. 82 p. 1]. Defendant's counsel confirmed to the Court via email that he had spoken with Defendant about his right to a speedy trial and that Defendant waived those rights for the purposes of the continuances.

Based on the information in Defendant's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the

2

Case 3:24-cr-00103-KAC-JEM    Document 40    Filed 11/21/25    Page 2 of 4    PageID #: 88

reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs more time to review discovery, receive and consider a plea agreement, and if that does not resolve the case, otherwise prepare for trial. The Court finds that all of this cannot occur before the December 16, 2025 trial date.

The Court therefore **GRANTS** Defendant Antonio Fontaine's Unopposed Motion to Continue Trial and All Other Deadlines [*United States v. Fontaine*, **No. 3:24-CR-103, Doc. 39**] and Motion to Continue the Hearing on the Petition to Revoke Supervised Release [*United States v. Fontaine*, **No. 3:21-CR-150, Doc. 82**]. The date for the trial and the revocation hearing is reset to **April 7, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 14, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Antonio Fontaine's Unopposed Motion to Continue Trial and All Other Deadlines [*United States v. Fontaine*, **No. 3:24-CR-103, Doc. 39**] and Motion to Continue the Hearing on the Petition to Revoke Supervised Release [*United States v. Fontaine*, **No. 3:21-CR-150, Doc. 82**] are **GRANTED**;

(2) the trial date in *United States v. Fontaine*, No. 3:24-CR-103, and corresponding revocation hearing in *United States v. Fontaine*, No. 3:21-CR-150, are reset to commence on **April 7, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **November 14, 2025**, and the new trial date of **April 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 6, 2026**;

(5) the deadline for filing motions *in limine* is **March 23, 2026**. Responses to motions *in limine* are due on or before **March 31, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 19, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 27, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge