IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-103-KAC-JEM |
| | ) | No. 3:21-CR-150-KAC-JEM |
| ANTONIO FONTAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion for Review of Attorney Client Relationship [Doc. 46, Case No. 3:24-CR-103], the pro se motion for appointment of new counsel [Doc. 48, Case No. 3:24-CR-103], and the Motion for Review of Attorney Client Relationship [Doc. 88, Case No. 3:21-CR-150], all of which have been referred to the undersigned. *See* 28 U.S.C. § 636(b).

The parties appeared for a hearing on these motions on July 2, 2026. Assistant United States Attorney Michael Gilmore represented the Government. Attorney Loretta Cravens appeared with Defendant Fontaine, who was also present. CJA Attorney Gerald Gulley was also present at the Court's request.

On February 12, 2026, the Court appointed Attorney Cravens to represent Defendant Fontaine following a request for substitution of counsel [Doc. 43, Case No. 3:24-CR-103].[1]

---

[1] Attorney Cravens replaced Attorney Stephen McGrath in Case No. 3:24-CR-103. Attorney McGrath did not move to withdraw from representing Defendant in Case No. 3:21-CR-150, where Defendant faces allegations that he violated his conditions of supervised release. The Court **SUBSTITUTES** and **APPOINTS** Attorney Cravens under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Fontaine in Case No. 3:21-CR-150 **NUNC PRO TUNC** to February 12, 2026.

Attorney Cravens now moves to withdraw, asserting that she cannot provide Defendant with effective assistance of counsel under the Tennessee Rules of Professional Conduct because Defendant has expressed his discharge of counsel and ceased communications [Doc. 46, Case No. 3:24-CR-103; Doc. 88, Case No. 3:21-CR-150]. She requests that the Court review the attorney-client relationship and consider appointing new counsel for Defendant [*Id.*].

In his pro se filing, Defendant asserts that Attorney Cravens's performance has been deficient because she has not filed any motions or argued points [Doc. 48, Case No. 3:24-CR-103]. He states he does not have confidence in her due to inadequate communication and the failure to investigate [*Id.*]. He claims this breakdown prevents effective representation and impairs his to Sixth Amendment right to counsel [*Id.*]. Defendant also includes correspondence between him and Attorney Cravens related to various legal issues he seeks to raise [*Id.* at 2–13].

At the motion hearing, the Government took no position. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court is reasonably satisfied that there are sufficient grounds to substitute counsel based on a strained relationship, which is suffering from a breakdown in communication that has compromised beyond repair counsel's ability to render effective assistance. Good cause therefore exists for substitution of counsel.

Accordingly, the Motion for Review of Attorney Client Relationship [**Doc. 46, Case No. 3:24-CR-103**], the pro se motion for appointment of new counsel [**Doc. 48, Case No. 3:24-CR-103**], and the Motion for Review of Attorney Client Relationship [**Doc. 88, Case No. 3:21-CR-150**], are **GRANTED**. Attorney Cravens is relieved as counsel of record for Defendant Fontaine and Attorney Cravens is **DIRECTED** to provide new counsel with discovery

2

and the information from Defendant Fontaine's file. The Court recognizes the need for Defendant Fontaine to be represented continuously by counsel. Attorney Gerald Gulley was present at the hearing and agreed to accept representation of Defendant Fontaine. The Court **SUBSTITUTES** and **APPOINTS** Attorney Gulley under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Fontaine.

Accordingly, it is **ORDERED**:

(1) The Motion for Review of Attorney Client Relationship [**Doc. 46, Case No. 3:24-CR-103**], the pro se motion for appointment of new counsel [**Doc. 48, Case No. 3:24-CR-103**], and the Motion for Review of Attorney Client Relationship [**Doc. 88, Case No. 3:21-CR-150**] are **GRANTED**;

(2) Attorney Loretta Cravens is **RELIEVED** of her representation of Defendant Fontaine, and Attorney Cravens is **DIRECTED** to provide new counsel with the discovery and information from Defendant Fontaine's file;

(3) Attorney Gerald Gulley is **SUBSTITUTED** and **APPOINTED** as Defendant Fontaine's counsel of record under the CJA;

(4) Attorney Gulley is **DIRECTED** to review Defendant Fontaine's pro se filing and take any appropriate action.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge